IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00654-WCM

| RICANNA MARIE BAXLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | AND ORDER |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the parties' social security briefs (Docs. 7, 11, 12).[1]

## I. Procedural Background

In July of 2020, Plaintiff Ricanna Marie Baxley ("Plaintiff") filed an application for supplemental security income, alleging disability beginning on July 16, 2020. Transcript of the Administrative Record ("AR") 172-181.

On May 4, 2022, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 13-30. That decision is the Commissioner's final decision for purposes of this action.

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Doc. 10.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "anxiety disorder, bipolar disorder, and posttraumatic stress disorder (PTSD)." AR 18. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple tasks with simple instructions but is able to apply commonsense understanding to carry out written, oral, or diagrammed instructions, and is able to deal with problems involving several concrete variables in or from standardized situations; she must avoid all contact with the public; she can only occasionally interact with coworkers and supervisors where such interaction is nonconfrontational and does not require teamwork; and she is limited to a workplace with few changes to work tasks or work expectations.

AR 20.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 24-26.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ erred by failing to include a limitation from an opinion the ALJ found to be "generally persuasive" and by failing to resolve an internal conflict in her RFC.

2

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff

3

is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

### A. Consideration of Certain Opinion Evidence

"[I]f an ALJ assigns significant, substantial, or great weight to a medical opinion, but implicitly rejects part of that opinion by failing to include a limitation in the RFC, the ALJ must explain the inconsistency." Kirk v. Kijakazi, No. 5:20-cv-00051-MR, 2022 WL 3440643, at *5 (W.D.N.C. Aug. 16, 2022); see also Chambless v. Saul, No. 1:19-cv-00322-MR-WCM, 2020 WL 5577883, at *4 (W.D.N.C. Sept. 17, 2020).

Here, Plaintiff asserts that, although the ALJ found the opinions of the state agency psychological consultants, Dr. Kendra McCarty and Dr. Jacquelyn A. Harrison, "generally persuasive," the ALJ failed to include certain limitations identified by them in Plaintiff's RFC. Specifically, Plaintiff argues that although both consultants determined that Plaintiff was "able to understand, retain, and follow very short and simple instructions" and that Plaintiff "might do best with pictorial/graphic instructions to which she can refer back, if her presentation at recent [Comprehensive Clinical Psychological Evaluation] was actually reflective of her abilities," AR 86; AR 94, Plaintiff's RFC did not include any limitation regarding pictorial/graphic instructions

4

and limited her to "simple instructions" rather than "very short and simple instructions." Plaintiff further contends that this error requires remand, because a limitation to "very short and simple instructions" would conflict with the reasoning requirements of certain jobs identified by the ALJ in finding Plaintiff was not disabled, and because an accommodation for pictorial/graphic instructions would preclude all work. The undersigned, though, is not persuaded that these alleged errors require remand.

First, the consultants' statements that Plaintiff "might do best with pictorial/graphic instructions to which she can refer back, if her presentation at recent [Comprehensive Clinical Psychological Evaluation] was actually reflective of her abilities" were equivocal and were explicitly premised on the ALJ's acceptance of the opinions of Dr. K.E. Thornton, who conducted the Comprehensive Clinical Psychological Evaluation. See AR 275-280. The ALJ, though, found Dr. Thornton's opinions to be "of limited persuasive value." AR 24.

Second, even assuming that the ALJ should have limited Plaintiff's RFC to "very short and simple instructions," doing so would have not created a conflict; Plaintiff acknowledges that the inclusion of such a limitation would not conflict with the mental requirements of one of the jobs ("bagger") identified by the ALJ. See Doc. 7 at 15. In her decision, the ALJ specifically noted that 81,000 bagger jobs existed in the national economy. See Richardson

5

v. Berryhill, 5:15-cv-173-RJC-DSC, 2019 WL 1354042, at * 4 (W.D.N.C. March 26, 2019) (since Plaintiff "can perform at least one job that exists in significant numbers in the national economy, the ALJ properly concluded that Plaintiff is not disabled under the Act."); see also McCall v. Saul, 844 Fed. Appx 680, 681 (4th Cir. 2021) (citing with approval cases holding that 25,000 and 11,000 jobs nationwide, respectively, were significant).[2]

### B. Internal Conflict in Plaintiff's RFC

The reasoning development scale of the Dictionary of Occupational Titles has six levels—Level 1 requires the least reasoning ability, while Level 6 requires the most reasoning ability. See DOT, App. C, 1991 WL 688702. A reasoning level of 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, Appendix C, 1991 WL 688702. A

---

[2] In arguing that the job of "bagger" is not sufficient to meet the Commissioner's burden of establishing that there are other jobs in the national economy that Plaintiff could perform, Plaintiff relies on Viverette v. Commissioner of Social Security, 13 F.4th 1309, 1318 (11th Cir. 2021). In Viverette, the court found remand was necessary where one of three the jobs relied upon by the ALJ conflicted with the plaintiff's RFC, the ALJ treated the number of jobs available for all three occupations cumulatively when making her "significant numbers" determination, and the job which the court found was "off the table" (due to the conflict) represented "over eighty percent of the jobs presented to the ALJ…." Other courts, however, have distinguished Viverette. See Carpenter v. Acting Commissioner of Social Security, No. 5:23-CV-00037-KDB, 2023 WL 7726706, at *5, n. 3 (W.D.N.C. Nov. 15, 2023); Denmark v. Kijakazi, No. 8:20-cv-2852-AEP, 2022 WL 831903, at *7 (M.D.Fl. March 21, 2022).

6

reasoning level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." Id. A reasoning level of 3 requires the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." Id.

Here, Plaintiff contends that her RFC contains an unexplained internal conflict. Specifically, Plaintiff argues that while her RFC limits her to "simple tasks with simple instructions," – a limitation consistent with a reasoning level of 1 – the RFC also indicates that Plaintiff is "able to apply commonsense understanding to carry out written, oral, or diagrammed instructions, and is able to deal with problems involving several concrete variable in or from standardized situations" – a limitation consistent with a reasoning level of 3. Doc. 7 at 17; AR 20.

A limitation to "simple instructions" presents an apparent conflict with jobs requiring a reasoning level of 3. See Keller v. Berryhill, 754 Fed. Appx. 193 (4th Cir. 2018) (unpubl.) ("We therefore conclude that an apparent conflict exists between a limitation to short and simple instructions and Reasoning Development Level 3 occupations.").

In this case, the undersigned is not persuaded, though, that this conflict

7

requires remand. First, the ALJ did not rely on any jobs requiring a reasoning level of 3 when determining that Plaintiff was not disabled. See AR 25 (citing jobs requiring level 1 or level 2 reasoning). Second, one of the jobs the ALJ relied upon – that of bagger – requires level 1 reasoning, which would be consistent with a limitation to "simple instructions." See Carpenter, 2023 WL 7726706 at *4-6 (explaining that "even a limitation to 'simple' rather than 'short and simple' instructions is inconsistent with jobs requiring Level 3 Reasoning" but finding that even if the ALJ failed to resolve that apparent conflict, such error was harmless because other jobs were identified by the ALJ that did not conflict with plaintiff's RFC); accord Donja H. v. Commissioner, Social Security Administration, No. SAG-19-366, 2019 WL 4805877, at *5 (D. Md. Oct. 1, 2019) ("the ALJ should have made further inquiries of the VE to determine whether a conflict existed between Plaintiff's RFC and a job requiring a Reasoning Level of 3. However, the Commissioner is correct that any error is harmless, because the first representative occupation of addressor requires only a Reasoning Level 2").

## VI. Conclusion

For the reasons stated above, the Commissioner's decision is **AFFIRMED**.

The Clerk of Court is respectfully directed to enter a separate judgment in accordance with this Order.

Signed: January 4, 2024

W. Carleton Metcalf
United States Magistrate Judge